UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN-PIERRE RONET,
PLAINTIFF(S)

CASE NO. 6:08-cv-1747-ORL-28KRS

-against-

CITY OF TAMPA POLICE DEPARTMENT, ET AL.,
MOHAMMED ASHRAT BRADELIA, ET AL.,
HILLSBOROUGH COUNTY STATE ATTORNEY, ET AL.,
DEFENDANT(S)

## COMPLAINT

_____
SIGNATURE

JEAN-PIERRE RONET, PRO-SE
NAME

1920 E. 5th Avenue, Suite A
ADDRESS

TAMPA, FLORIDA   33605
ADDRESS

(813) 241-0204
PHONE NO.

Comes now, Plaintiff, JEAN-PIERRE BONET (herein after refered to as Plaintiff or Bonet), hereby files this CIVIL COMPLAINT against Defendants; CITY OF TAMPA POLICE DEPARTMENT ETAL., MOHAMMED ASHRAT BRADELIA ETAL, and HILLSBOROUGH COUNTY STATE ATTORNEY'S OFFICE ETAL, (herein after refered to as City, County and or last name), pursuant to: TITLE 28 U.S.C. § 1331, 1332, 1343(a)(3), and TITLE 42 U.S.C. § 1983, and alleges:

I. INTRODUCTION

1. This is an action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Title 28 U.S.C. § 1331, 1332, 1343, seeking redress of the deprivation of Plaintiff's Constitutional rights.

2. Plaintiff invokes supplemental jurisdiction of this Court over Plaintiff's State claims against Defendants for common law violations pursuant to Title 28 U.S.C. § 1367, as the common law claims form part of the same case or controversy.

II. JURISDICTION

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 1332, 1343(a)(3), for a violation of Constitutional rights as provided in 42 U.S.C. § 1983. The Plaintiff seeks Injunctive relief and monetary damages as well as attorney fees and costs, pursuant to 42 U.S.C. § 1988.

4. Plaintiff seeks redress for violation of his rights pursuant to the FOURTH AMENDMENT of the Constitution of the United States, to be free from illegal seizers; Plaintiff's rights to be free from police harassment and intimidation as provided for in the FIFTH and SIXTH AMENDMENTS of the Constitution of the United States; the Plaintiff's right of access to the Courts, see: Bonet V. Clerk (sent by U.S. Mail with this complaint), FIRST, FOURTH and FOURTEENTH AMENDMENTS of the Constitution of the United States; Plaintiff's rights to be free from malicious prosecution, malicious abuse of process, unlawful seizure, false im-

-2-

prisonment as provided for by the <u>FOURTH</u> and <u>FOURTEENTH AMENDMENTS</u> of the Constitution of the United States, and Plaintiff's right to procedural due process and equal protection under the law as guaranteed by the <u>FOURTH, FIFTH</u> and <u>FOURTEENTH AMENDMENTS</u> of the Constitution of the United States.

5. Plaintiff is a citizen of Florida (against his will, kidnapped from MI after Florida Defrauded MI in Florida's conspiracy to prey upon this Plaintiff). Each Defendant is, upon information and belief, citizens of Florida.

## III. VENUE

6. Venue is fair, proper and adequate in the Middle District of Florida, Orlando Division, to serve and correct the multiple manifest abuses of this Plaintiff's Constitutional rights, and where the ends of justice is in Plaintiff's best interest to have this case filed in Orlando, see: <u>Motion for Venue in Orlando Division</u> and <u>Exhibits</u> thereunder.

7. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## IV. PARTIES

8. Plaintiff, <u>Jean-Pierre Roach</u>, aka Alan Peterson resides at 1920 E 5th Ave, Suite A, Tampa, Florida 33605.

9. Defendants, Officers <u>B. Elliott</u>, <u>R. Cholnik</u>, <u>Dean L. Berry</u> and <u>Lawrence S. Figuerredo</u> are employed by the <u>City of Tampa Police Department</u>, 411 N. Franklin Street, Tampa, Florida 33601.

10. Defendants, <u>Cindy Price</u> and <u>Richard Curtis</u> are employed by <u>Mohammed Ashraf Bradelia</u>, owner of <u>Econo Lodge</u> and <u>Budget Inn</u>, 4011 E Columbus Drive, Tampa, Florida 33605.

11. Defendant, <u>Lori Ellingsworth</u> is employed by the <u>Hillsborough County State Attorney</u>, 800 E. Kennedy Blvd., Tampa, Florida 33601.

12. Plaintiff seeks <u>Immediate Issuance</u> of a <u>Mandatory Injunction</u>, (enclosed hereto)

-3-

against all named Defendants pursuant to Article 3, Section 2, of the Constitution of the United States and Rule 65, Fed.R.Civ.P., to prevent additional future violations that the Plaintiff will be wronged again.

13. Plaintiff exercises his guaranteed right to litigate his own claim, pursuant to Title 28 U.S.C. § 1654, and the SIXTH AMENDMENT of the Constitution of the United States.

14. Plaintiff DEMANDs trial by jury, pursuant to Rule 38(b), Fed.R.Civ.P., and to the SEVENTH AMENDMENT of the Constitution of the United States.

V. FACTS.

15. On February 28, 2006, Ronet re-registered his (hotly challenged)[2] status as a sex offender at the Hillsborough County Sheriffs Office, registration unit, six (6) months after his birth month of August, pursuant to the dictates of Chapter 775.21 and/or 943.0435, (Fla. Stat), and showed an address change from 12400 N. Nebraska Ave, Tampa, Florida 33612 to 4011 E. Columbus Drive, Tampa, Florida 33605, (Budget Inn), and included a copy of his Name Change Order from the Clerk of the Court, Eighth Judicial Circuit, Granted by the Honorable Stan Morris.

16. On February 28, 2006 through August 7, 2006, Ronet and his girlfriend (herein after referred to as McKee), resided at the Budget Inn, where Ronet went to jail and McKee checked out on August 8, 2006.

17. Unknown to Ronet, on April 16, 2006, Defendant Elliott conducted street check to verify Ronet's address by speaking to Defendant Price, whom stated Ronet was no longer staying in the hotel.

18. Unknown to Ronet, on April 24, 2006, Defendant Cholnik called the Budget Inn and spoke with Defendant Curtis, whom stated Ronet, McKee or Peterson was no longer staying at the Budget Inn, but, stated Ronet just moved out of the Econo Lodge.

-4-

19. Unknown to Ronet, on May 4, 2006, Defendant Berry authored a Police report of Elliotts street check of Ronet, which was approved by Defendant Figueiredo to arrest Ronet for failing to report an address change, even after no follow up was conducted as ordered by Figueiredo where that report was due on July 3, 2006, and completed on July 17, 2006, lacking any followup.

20. On August 7, 2006, approximately 10AM, Ronet was attempting to reregister at the registration unit, when he was hauled off to jail.

21. On August 8, 2006, McKee packed up hers and Ronet's property and checked out of the Budget Inn and receiving computer printout of their stay there covering from February 28, 2006 through August 8, 2006.

22. On August 8, 2006, Defendant, Hillsborough County State Attorney filed an Information against Ronet, in pertinent part "... between the 18th day of April..."

23. On August 19, 2006, Ronet sent by inmate U.S. Mail (Federal Mail Box Rule), a handwritten Emergency Petition for Writ of Habeas Corpus Alternative Motion to Dismiss.

24. On August 28, 2006, seven (7) days after Ronet's birthday, McKee sent by U.S. Mail Ronet's Amended Emergency Petition for Writ of Habeas Corpus with Exhibits (receipts) showing irrefutable evidence of actual innocence, together with a Judicial Notice.

25. On September 21, 2006, the Hon. Emmett L. Battles ordered Defendant Ellingsworth to authenticate the receipts (Exhibits), attached to Ronet's habeas petition.

26. On October 1, 2006, a Complaint was sent by inmate U.S. Mail to the City of Tampa Police Department, Internal Affairs Bureau, 411 N. Franklin St., concerning the manner and conduct of Ronet's August 7, 2006, arrest.

27. On October 13, 2006, approximately 9am, Defendant, Hillsborough County State Attorney, by Assistant Larry Shaw (spelling), announced "Nolle Prossed" the charges against Ronet, whom

-5-

was subsequently released after spending seventy-two (72) days in jail.

28. On February 2, 2007, Ronet sent by U.S. Mail a Notice of Inquiry to his Complaint of Oct. 1, 2006, to the Internal Affairs Bureau, 411 N. Franklin Street, Tampa, Florida 33601.

29. On March 13, 2007, Ronet received a reply to his Notice of Inquiry from Captain J. Ramsten, whom stated, "...this office is not in receipt of your complaint..."

30. On March 19, 2007, Ronet sent by U.S. Mail to Captain Ramsten a copy of the Complaint.

31. On March 29, 2007, Ronet discovered a note on his residence door, from Detective J.D. Tindall, "...I need to speak to you either in person or by telephone."

32. On April 2, 2007, Ronet sent by U.S. Mail an objection to the note found on his door, and requested that each and every communication be done by mail through written correspondences.

33. On August 7, 2007, Ronet sent by U.S. Mail to Captain Ramsten a follow up inquiry.

34. On February 29, 2008, Ronet sent by U.S. Mail a Notice of Intent to Filing Civil Complaint to: a) City Attorney - David Smith, b) Mohammed Ashraf Bradelia, and c) Hillsborough County State Attorney - Mark Ober with a copy of the October 9, 1997 warrant unsigned by a judge and which charged the exact charge the Plaintiff expired an illegal (admitted by State) prison sentence on, shedding a doubt on Plaintiff's forced compliance to 943.0435 (Fla. Stat. 1997).

### Count 1
### (Defendants City of Tampa Police Dept., et al)

35. Plaintiff incorporates herein by reference the allegations/facts contained in paragraphs 1 through 34.

-6-

36. Defendant, City of Tampa operates and governs the Tampa Police Department pursuant to the laws of Florida.

37. Defendants, B. Elliott, R. Cholnik, Dana L. Berry and Lawrence S. Figueiredo are each sued both individually and in their official capacity.

38. At all times pertinent hereto, Defendant Officers Elliott, Cholnik, Berry and Figueiredo were employed by the City of Tampa Police Department.

39. At the time of the alleged incident, at all times pertinent thereto, Defendant Officers: Elliott, Cholnik, Berry and Figueiredo acted under color of law, of a statute, ordinance, regulation, policy, custom and or usage.

40. To date, no answer has been received by Plaintiff to his February 29, 2008, Notice of Intent to File Civil Complaint, and no compensation has been offered by the City of Tampa in response to this claim.

41. It was the policy and practice of the City of Tampa to employ certain police officers, including Defendants, Elliott, Cholnik, Berry and Figueiredo described in the foregoing paragraphs.

42. It was the policy and practice of the City of Tampa to authorize certain officers, including Defendants, Elliott, Cholnik, Berry and Figueiredo to conduct street checks on only registered sex offenders, to arrest, imprison them despite the lack of probable cause or any factual violation which would justify that arrest and imprisonment. This policy and practice of the City of Tampa encouraged and caused constitutional violations by police officers of the City of Tampa including the violation of Plaintiff's Constitutional rights by Defendants, Elliott, Cholnik, Berry and Figueiredo described in the foregoing paragraphs.

43. It was the policy and practice of the City of Tampa to authorize certain officers including Defendants, Elliott, Cholnik, Berry and Figueiredo to knowingly discriminate

-7-

against a certain group of citizens (sex offenders), including Plaintiff (challenged - see: Motion for Mandatory Injunction, Immediate Issuance, included hereto), lacking adequate training and supervision in conducting street checks of registered sex offenders. This policy and practice of the City of Tampa encouraged and caused Constitutional violations by police officers of the City of Tampa, including Defendants, Elliott, Cholnik, Berry and Figueirdo described in the foregoing paragraphs.

### COUNT 2
### (Defendants Mohammed Ashraf Bradelia, et al.)

44. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 43.

45. At all times mentioned herein, Defendants, Cindy Price and Richard Curtis were acting within the scope of their employment at the Budget Inn and or Econo Lodge, owed by Defendant Bradelia.

46. On or about April 16, 2006, Defendant, City of Tampa Police Department, Officer Elliott acting under policies of the City of Tampa, responded to 4011 E. Columbus Dr., (Budget Inn), to verify the address of Ronet, and allegedly spoke with Defendant Price, whom gave false and misleading statements concerning the where-a-bouts of the Plaintiff, stating that Ronet was no longer staying at the hotel.

47. On or about April 24, 2006, Defendant City of Tampa Police Department, Officer Cholnik called the Budget Inn, pursuant to policies of the City of Tampa, and spoke with Defendant Curtis (Budget Inn, Econo Lodge), whom gave false and misleading statements concerning the where-a-bouts of the Plaintiff, stating he looked under the

-8-

names of Ronet, Peterson and McKee, and stated to Cholnik that they were not staying at the hotel (Budget Inn), but, that Ronet moved out of the Econo Lodge the day before, causing Ronet's arrest and subsequent imprisonment and forcing McKee to pack up and move out after first receiving rent history on their stay there as requested by Ronet while he was being booked into the County Jail.

48. On or about May 4, 2006, Defendant Figueiredo assigned Berry to conduct a follow-up on the where-a-bouts of Ronet, which was not completed, and with due diligence would have disclosed that Price and Curtis lied to Elliott and Cholnik.

49. This policy and practice of employees at the Budget Inn and Econo Lodge encouraged and caused constitutional violations by police officers of the City of Tampa including the violation of Plaintiff's Constitutional rights by Elliott, Cholnik, Berry and Figueiredo described in the foregoing paragraphs.

## COUNT 3

### (Defendants Hillsborough County State Attorney, et al.,)

50. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 49.

51. Defendant, Assistant State Attorney Lori Ellingsworth is sued both individually and in her official capacity. At all times pertinent hereof, Ellingsworth was employed by the Hillsborough County State Attorney.

52. At the time of the alleged incident, at all times pertinent hereto, Ellingsworth acted under color of law, of a statute, ordinance, regulation, custom or usage. r

53. On or about August 8, 2006, Defendant, Hillsborough County State Attorney

-9-

filed an information against Ronet, and claimed that "... between the 18th day of April...", clearly shows the ongoing persecution of sex offenders, by submitting a defective information that was so fundamentally defective that caused constitutional violations by Ellingsworth upon Ronet lacking due process and equal protection guarantees.

54. The August 8, 2006, information failed to allege all elements of a crime that only a certain group of citizens can violate, this discriminatory practice of taking at face value, statement from citizens to police, police to State Attorneys regardless of however graceful they can charge, violates procedural due process knowingly and intentionally without regard to the Constitution of the United States.

55. On September 21, 2006, the Thirteenth Judicial Circuit Court ordered Ellingsworth to authenticate the Exhibits (receipts - Budget Inn), that were attached to Ronet's August 22, 2006, Amended Emergency Petition for Writ of Habeas Corpus.

56. On October 13, 2006, Defendant, Hillsborough County State Attorney announced "Nolle Pross" and Ronet was released after serving seventy-two (72) days in jail.

### COUNT 4
(all named Defendants herein)

57. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56.

58. All named Defendants, B. Elliott, R. Cholnik, Dana Berry, L. Figueredo, R. Curtis, C. Price and L. Ellingsworth conspired to violate Ronet's Constitutional and Statutory rights either explicitly or otherwise in direct violation of Title 42 U.S.C.J 1983, for which all named Defendants are individually liable and subject to arrest.

59. Plaintiff request the following amounts from each named Defendant.

-10-

## RELIEF REQUESTED

### COUNT 1.

COMPENSATORY damages against Defendants, CITY OF TAMPA POLICE DEPARTMENT, Officers: B. ELLIOTT, R. CHOLNIK, DANA L. BERRY and LAWRENCE FIGUERREDO, in the amount of thirty-five thousand dollars ($35,000), each, in their Official Capacity, and each in their Individual Capacity, plus all costs associated with this action, together with prejudgment interest from date complaint filed, including attorneys fees and any taxes levied.

PUNITIVE damages against Defendants, CITY OF TAMPA POLICE DEPARTMENT, Officers: B. ELLIOTT, R. CHOLNIK, DANA L. BERRY and LAWRENCE FIGUERREDO, in the amount of thirty-five thousand dollars ($35,000), each, in their Individual Capacity as Defendants acts were done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional and statutory rights of Plaintiff

SPECIAL damages against Defendants, CITY OF TAMPA POLICE DEPARTMENT, Officers: B. ELLIOTT, R. CHOLNIK, DANA L. BERRY and LAWRENCE FIGUERREDO, in the amount of thirty-five thousand dollars ($35,000), each, in their Individual Capacity for discomfort, loss for personal humiliation, mental anguish, loss wages and destruction of earning capacity, both past and present and the future, loss of enjoyment of life, loss of time, loss of consortium and deprivation of society, but not solely limited thereto, exclusive of any and all costs, fees, taxes, and, any additional further relief this Honorable Court may deem, just, proper and equitable.

COUNT 2

COMPENSATORY damages against Defendants, MOHAMMED ASHRAT BRADELIA, Owner of BUDGET INN and ECONO LODGE, RICHARD CURTIS and CINDY PRICE, in the amount of thirty-five thousand dollars ($35,000), each, plus all costs associated with this action, together with pre-judgment interest from date complaint filed, including attorney fees and any taxes lieved.

PUNITIVE damages against Defendants, MOHAMMED ASHRAT BRADELIA, Owner of BUDGET INN and ECONO LODGE, RICHARD CURTIS and CINDY PRICE, in the amount of thirty-five thousand dollars ($35,000), each, as Defendants acts were done with actual malice towards Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional and statutory rights of Plaintiff,

SPECIAL damages against Defendants, MOHAMMED ASHRAT BRADELIA, Owner of BUDGET INN and ECONO LODGE, RICHARD CURTIS and CINDY PRICE, in the amount of thirty-five thousand dollars ($35,000), each, for discomfort, loss for personal humiliation, mental anguish, loss wages and destruction of earning capacity, both past and present and future, loss of enjoyment of life, loss of time, loss of consortium and deprivation of society, but not solely limited thereto, exclusive of any and all costs, fees, taxes, and, any additional further relief this Honorable Court may deem, just, proper and equitable.

COUNT 3

COMPENSATORY damages against Defendants, HILLSBOROUGH COUNTY STATE ATTORNEY OFFICE, and ASSISTANT STATE ATTORNEY, LORI ELLINGSWORTH, in the amount of thirty-five thousand dollars ($35,000), each, in her Official Capacity, and each, in her Individual Capac-

(12)

ity, plus all costs associated with this action, together with prejudgment interest from date complaint filed, including attorneys fees and any taxes liened.

PUNITIVE damages against Defendants, HILLSBOROUGH COUNTY STATE ATTORNEY OFFICE, and ASSISTANT STATE ATTORNEY, LORI ELLINGSWORTH, in the amount of thirty-five thousand dollars ($35,000), each, in her Official Capacity, and each, in her Individual Capacity, as Defendants acts were done with actual malice towards Plaintiff, and with willful and wanton indifference to and deliberate disregard for the constitutional and statutory rights of Plaintiff

SPECIAL damages against Defendants, HILLSBOROUGH COUNTY STATE ATTORNEYS OFFICE, and ASSISTANT STATE ATTORNEY LORI ELLINGSWORTH, in the amount of thirty-five thousand dollars ($35,000), each, in her Individual Capacity for discomfort, loss for personal humiliation, mental anguish, loss wages and destruction of earning capacity, both past and present and future, loss of enjoyment of life, loss of time, loss of consortium and deprivation of society, but not solely limited thereto, exclusive of any and all costs, fees, taxes, and, any additional further relief this Honorable Court may deem, just, proper and equitable.

COUNT 4

EXEMPLARY damages against each named Defendant, conspirator, that participated in the unconstitutional and statutory violations of Plaintiff's rights, in the amount of one hundred and five thousand dollars ($105,000), plus all costs associated with this action, together with prejudgment interest from date complaint filed, including attorneys fees and any taxes liened, but, not solely limited thereto.

(13)

DECLARATION

Pursuant to TITLE 28, U.S.C. §1746,

Public Law 94-550.

I DECLARE UNDER THE PENALTY OF PERJURY

THAT THE FOREGOING IS TRUE AND CORRECT

EXECUTED ON, October 7 2008, 2008.

SIGNATURE, *[signature]*.

Respectfully submitted,

*[signature]*
JEAN-PIERRE RONET, PRO-SE

1920 E. 5th Avenue, Suite A

Tampa, Florida . . 33605

(813) 241-0204

1
See: Motion for Mandatory Injunction (attached)

2
See above 1

3
Exhibit 01 - (attached)

## CERTIFICATE OF SERVICE

I, JEAN-PIERRE RONET, the undersigned pro-se plaintiff, hereby certify that an Original with three (3) copies of the foregoing civil Complaint, with Motion for Mandatory Injunction, Notice of Lis Pendens, and Motion for Venue has been furnished to: Clerk, U.S. District Court, Middle District of Florida, 80 North Hughey Avenue, Rm-300, Orlando, Florida 32801, by CERTIFIED U.S. Mail no. # 7008 1300 0001 1138 2861 on this the 7th day of October 2008.

*signature*

JEAN-PIERRE RONET, Pro-Se

1920 E. 5th Avenue, Suite A

Tampa, Florida .. 33605

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CRIMINAL JUSTICE DIVISION

STATE OF FLORIDA

CASE NO.: 90-4192

VS

DIVISION: C

ALAN PETERSON

## STATE'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW the State of Florida in response to the Court's Order to Show Cause entered on February 25, 1997.

The State submits that the Defendant is entitled to relief on the basis of <u>Mitchell v. State</u>, 635 S.2d 1073 (Fla. App. 1 Dist 1994), and <u>Karchesky v. State</u>, 591 So.2d 930 (Fla. App. 1992). These cases indicate that victim injury points should not be assessed on a sentencing guideline scoresheet absent a showing of ascertainable physical injury during the time frame of July 1, 1987, to April 8, 1992.

A review of the relevant police reports, medical reports, and depositions indicate that there was not any ascertainable physical injury sustained by the victim in this case.

I HEREBY CERTIFY that the foregoing has been furnished to Alan Peterson, DOC # 120466, Union Correctional Institution, P.O. Box 221/M-61, Raiford, Florida 32083, this 28th day of April, 1997.

Respectfully submitted,

HARRY LEE COE III
STATE ATTORNEY

John R. Cummings
Assistant State Attorney
Florida Bar #898260

JRC/trb

EXHIBIT O1

34